**Francisco REYES, Plaintiff–Appellant,**

v.

**UNITED STATES DRUG ENFORCE-MENT ADMINISTRATION, Defendant–Appellee.**

**No. 06–2593–cv.**

United States Court of Appeals, Second Circuit.

Feb. 22, 2007.

Francisco Reyes, Fort Dix, NJ, pro se.

Christina Bischoff, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, Sean Lane, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Francisco Reyes appeals from an order of the District Court entered March 29, 2006, dismissing his complaint seeking equitable relief for a due process challenge to the adequacy of notice provided by defendant-appellee with respect to the civil forfeiture of $181,844 seized in connection with a criminal case against Reyes.[1] We assume the parties' familiarity with the underlying facts and procedural history of this case.

Although the District Court dismissed plaintiff's complaint under Fed.R.Civ.P. 12(b)(6), we may affirm on any ground made clear by the record. *See Beal v. Stern,* 184 F.3d 117, 122 (2d Cir.1999). A district court's jurisdiction to review a forfeiture proceeding "is limited to determining whether the agency followed the proper procedural safeguards when it declared [plaintiff's] property summarily forfeited." *United States v. One 1987 Jeep Wrangler,* 972 F.2d 472, 480 (2d Cir.1992) (internal quotation marks omitted). In response to defendant's motion to dismiss, plaintiff conceded facts that, for the reasons stated by the District Court, establish that defendant provided adequate notice to plaintiff regarding commencement of his forfeiture proceeding. The District Court therefore lacked jurisdiction over plaintiff's complaint, and dismissal was proper-albeit under Fed.R.Civ.P. 12(b)(1) and not Fed. R.Civ.P. 12(b)(6). The District Court's judgment is therefore **AFFIRMED.**

1. Reyes improperly brought his claim as a petition for the return of property pursuant to Fed.R.Crim.P. 41(g). In accordance with Supreme Court precedent, *see Dusenbery v. United States,* 534 U.S. 161, 165, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), the District Court construed the petition as a civil complaint challenging the adequacy of the notice of administrative forfeiture.